NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-CV-10-KKC

LARRY RUTHER                                                                                              PLAINTIFF

VS:               **MEMORANDUM OPINION AND ORDER**

COMMONWEALTH COLLECTIONS, LLC                                              DEFENDANT

\*\*\*     \*\*\*     \*\*\*     \*\*\*

Plaintiff Larry Ruther, who is a non-prisoner and gives an address in Kissim, Florida, has submitted to the Frankfort Office of the Clerk of this Court a *pro se* two-page handwritten pleading, which he has entitled "Complaint" [Record No. 1]. In response to the Court's earlier deficiency order, to be discussed *infra*, he has now filed a motion to proceed *in forma pauperis* [Record No. 3], which will be granted.

The complaint is before the Court for initial screening. 28 U.S.C. §1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 6701, 607-8 (6th Cir. 1997).

As a *pro se* pleading, the complaint is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* pleading must be taken as true and construed in favor of the *pro se* litigant. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

BACKGROUND

This is the third handwritten, *in forma pauperis*, barely legible, *pro se* "breach of contract" complaint filed by the plaintiff in the last six months. In both of his prior cases, a cover sheet

completed by Ruther contained his assertion that he was claiming the diversity jurisdiction of this Court pursuant to 28 U.S.C. §1332. There is no cover sheet in this case, and the plaintiff does not mention jurisdiction in his pleadings.

The current complaint itself is otherwise similar to the two self-styled, handwritten complaints which Ruther submitted in 2006. Upon initial review of both of these prior complaints, the Court commented on its difficulty understanding Ruther's handwritten allegations and then went on to liberally construe them to arrive at what was to believed to be the plaintiff's claims.

In the first case, *Ruther v. O'Neal, et al.*, Lexington No. 06-CV-303-JMH, filed on September 14, 2006, the plaintiff submitted a one-page handwritten document with "complaint" and "breach of contract" written on it, and he closed with his address in Richmond, Kentucky. He attached a portion of a contract to buy land and claimed a breach of the contract and mail fraud by defendant signatories who were alleged to reside in Atlanta, Georgia.

On the same date, the plaintiff also filed *Ruther v. Simmons, et al.*, 06-CV-304-JMH, with a similar initiating "complaint," this one taking up two pages. As to his claim of diversity jurisdiction, he alleged that he was a Kentucky citizen with the same Richmond, Kentucky address and that the defendants were citizens of Virginia. He also attached the sued-upon contract, which was a 2004 promissory note signed by the defendants to supply the plaintiff with $39,000 at the time of closing on property in Baltimore, Maryland.

After screening and construing these complaints, this Court questioned the plaintiff's jurisdictional allegations. It also found that even if jurisdiction were correct, which it did not find, venue was not proper in the Eastern District of Kentucky. The Court dismissed both actions, *sua sponte*, pursuant to 28 U.S.C. §1406. The dismissals were without prejudice to Ruther's right to file

against the defendants in another, proper venue.  The Court certified, however, that any appeal of this Court's rulings could not be taken *in forma pauperis*, as an appeal in either case would not be in good faith.  Plaintiff brought a motion to reconsider in each case, but they were both denied.

The plaintiff did not appeal the first case, No. 06-CV-303.  In the second, No. 06-CV-304, however, the plaintiff filed a notice of appeal, and it became Sixth Circuit Case No. 06-6438.  His December 4, 2006, motion to proceed on appeal *in forma pauperis* is currently pending on the docket of that Court.

## CURRENT CASE

### The Complaint

The plaintiff's current effort arrived in the Frankfort Clerk's Office by mail on February 1, 2007.  This time, Ruther gives a Florida address for himself.  As in his prior cases, the pages which he submits herein contain poor--practically illegible--handwriting and little organization of discernible words.

In the caption of the purported complaint herein, he has apparently named two defendants, writing what the Court reads as follows:  "Commonwealth Collections LLC, Barry Gash 957 Martin Nether Ln Waddy Ky 40076."  On the following page, he has written what appears to be "Barry Gash Commonwealth Collections LLC Ky. 957 Martin Nether Ln Waddy *FL* 40076"  (emphasis added).

As in the previous actions, the plaintiff's allegations are again a hodge-podge of words which he has handwritten on plain paper and all over an attached contract.  Today's allegations take up two pages and the words thereon include "breach of contract fraud . . . charge steal $5.9000 RICO Mafia Organize Crime 10-26-06 CC Atty Frank Becker. . . ."

The one-page contract attached to the handwritten pages is entitled "Purchase Order," and

3

the handwritten date of execution *appears* to be 10/16/06. It is signed by Ruther, who gives his Richmond, Kentucky address, and someone for Commonwealth Collections, in Frankfort, Kentucky. Ruther is the purchaser of unidentified "receivables" or "accounts," and he "agrees and understands that all accounts purchased will be assigned for immediate collection efforts by Commonwealth" for an agreed-upon 90-day period of time beginning with the date of execution. Ruther agrees to pay $59,000 for the accounts, with a "guaranteed profit" of $59,000, for a total return of $118,000 to him at the end of the 90 days.

### Court's Initial Order

The plaintiff's construed complaint herein was not accompanied by the district court filing fee of $350.00. Consequently, soon after its arrival, on February 8, 2007, the Court issued a deficiency order instructing the plaintiff to pay the fee or submit a motion to proceed *in forma pauperis* within 30 days. In case he chose the latter, the Court attached a 4-page form motion which he could fill out about his finances and advised that his failure to submit the fee or return the form within 30 days would result in dismissal of this case. Because of the state of his complaint, the Court included the following in its deficiency order:

> (4)    Within the same 30-day period of time granted herein, the plaintiff shall also submit to the Clerk of the Court a more legible complaint (more carefully written by him, or typewritten, or carefully written by another but signed by the plaintiff), in conformity with Federal Rule of Civil Procedure 8(a). Plaintiff is forewarned that his failure to comply with this paragraph within the time allotted will be grounds for dismissal of this action.

Record No. 2.

In response, Plaintiff Ruther has submitted only the completed form motion to proceed *in*

*forma pauperis*, with an attachment. On the form, he again gives the Florida address, and he responds to the form's question about the issues he is asserting, as follows: "1791085.6. I do grand jury for Gash crime. Steal 59,000, I service to contract work. 1791057, Art 3 Sec 10." Record No. 3.

The attachment is another handwritten piece of paper. The writing hereon is identifiable as Ruther's and is no better than the preceding pages which he has submitted previously. It has the same lack of form or punctuation; apparent random placement of words; and mysterious recitations, such as "Art 3 Sec 10." Flagrantly missing is any "more legible complaint (more carefully written by him, or typewritten, or carefully written by another but signed by the plaintiff), in conformity with Federal Rule of Civil Procedure 8(a)," as the Court ordered him to produce.

<u>Discussion</u>

As the Court has written in this plaintiff's prior lawsuits, the Court has "some difficulty with the plaintiff's handwriting and sentence fragments. . . . the handwriting being virtually illegible." In the current action, the Court issued an Order warning that it may dismiss his action also if he did not improve his presentation of his case. The Court even suggested that he get the help of another person and directed him to the Federal Rule containing the pleading requirements in federal court. There is no indication that the plaintiff pursued either of these routes to comply with the Court's Order. He has stuck to his losing approach despite the Court's efforts.

Federal Rule of Civil Procedure 8(a) sets forth in pertinent part:

(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) *a short and plain statement of the grounds upon which the court's jurisdiction depends...*(2) *a short and plain statement of the claim showing that the pleader is*

5

> *entitled to relief,* and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

*Id.* (emphasis added). Another portion of the Rule reads, in pertinent part:

> (e) Pleading to be Concise and Direct; Consistency.
>
> > (1) Each averment of a pleading shall be simple, concise, and direct. . .

Fed.R.Civ.P. 8(e). The instant plaintiff has not met even the first of these requirements, *i.e.*, "*a short and plain statement of the grounds upon which the court's jurisdiction depends.*" *Id*. at (a) (emphasis added).

The plaintiff may, indeed, have a breach of contract, fraud, or other claim worth pursuing, but the state of his current pleadings render him and his intended claims unable to go forward in this Court. Even if the Court were to construe a breach of contract claim in the amount of $59,000.00 from the face of the contract itself, the plaintiff has utterly failed to give any basis for this Court's jurisdiction over such a claim. He has failed to assert either of the two statutory requisites therefor: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy [1] exceeds the sum or value of $75,000, exclusive of interest and costs, and [2] is between . . . citizens of different States." 28 U.S.C. §1332(a)(1).

The lenient treatment generally accorded to *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

Here, the plaintiff has attempted to amend his initial filing by doing the exact same things he

did initially, despite the Court's instructions and warning. He must bear responsibility for his failure to comply with the Court's Order. The Court will dismiss this action, the dismissal to be without prejudice to Ruther's right to bring his claims in an appropriate manner in an appropriate court. If he has a valid claim based upon the contract attached herein, he should have no difficulty in receiving assistance from an attorney.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Larry Ruther's motion to proceed *in forma pauperis* [Record No. 3] is **GRANTED**.

(2) This action is **DISMISSED WITHOUT PREJUDICE**.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the two construed defendants.

Dated this 22nd day of March, 2007.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

7